*1150 OBINION.
LaNsdoN:
The questions presented herein were considered and disposed of in Elmer J. Keitel, 15 B. T. A. 903, where we held that a terminable interest in property purchased in consideration of a promise to pay an annuity to the grantor represented a capital investment which should be exhausted over the life of the estate so acquired. In that case there was no proof of the value of the estate acquired and the deduction to which petitioner was entitled could not be determined.
In the instant case the contract of December 8, 1921, provided for the absolute sale and transfer by Charlotte S. Holmes of her life interest in the estate of her husband, which we have found to have had a value of at least $92,500, in consideration of a promise to pay her an annuity of $25,000,
*1151 We consider the Keitel case, supra, controlling here and, in conformity with our opinion in that case, the petitioner, Flora H. Shoemaker, is entitled to deduct $25,000 for exhaustion of the terminable - estate acquired, in computing her taxable income for 1922. A like amount should be deducted in computing the distributable partnership net income for 1923. Cf. Caroline T. Kissel, 15 B. T. A. 705.

Decision will Toe entered under Rule 50.